Jeremy R. Schulze (Oregon Bar No. 160528)
Email: jeremy.schulze@clydeco.us
CLYDE & CO US LLP
600 Stewart Street
Seattle, Washington 98101
Telephone: (415) 365-9800
Facsimile: (415) 365-9801

   -AND-

Kevin R. Sutherland (California Bar No. 163746)
   *(pro hac vice application pending)*
Email: kevin.sutherland@clydeco.us
Thomas P. Humann (California Bar No. 333575)
   *(pro hac vice application pending)*
Email: thomas.humann@clydeco.us
CLYDE & CO US LLP
150 California Street, Suite 1500
San Francisco, California 94111
Telephone: (415) 365-9800
Facsimile: (415) 365-9801

Attorneys for Defendant
HARBOR FREIGHT TOOLS USA, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION (3)

| | |
|---|---|
| NORMAN SINSEL, | Case No.: 3:24-cv-779 |
| Plaintiff, | |
| v. | EXHIBIT A TO DECLARATION OF JEREMY R. SCHULZE IN SUPPORT OF HARBOR FREIGHT TOOLS USA, INC.'S NOTICE OF REMOVAL |
| HARBOR FREIGHT TOOLS USA, INC., a foreign corporation, | |
| Defendant. | |

DECLARATION OF JEREMY R SCHULZE ISO     1
HARBOR FREIGHT TOOLS' NOTICE OF REMOVAL

38052859v1

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

NORMAN SINSEL,

      Plaintiff,

  vs.

HARBOR FREIGHT TOOLS USA, INC., a
foreign corporation,

      Defendant.

Case No. 24CV14624

SUMMONS

**TO:   HARBOR FREIGHT TOOLS USA, INC.**
    **c/o Corporate Creations Network Inc., Registered Agent**
    **5708 SE 136ᵗʰ Ave., Ste. 2**
    **Portland OR 97236**

    You are hereby required to appear and defend the complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to appear, plaintiff will apply to the court for the relief demanded in the complaint.

    **NOTICE TO THE DEFENDANT:  READ THESE PAPERS CAREFULLY!**

    You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff.

    If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 684-3763 in the Portland metropolitan area or toll-free elsewhere at (800) 452-7636.

                         Bennett P. Dalton, OSB #052275
                         1212 SE Spokane Street.
                         Portland, OR 97202
                         503-253-6029

STATE OF OREGON, County of Multnomah      ) ss.

    I, the undersigned attorney of records for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

                         Bennett P. Dalton, OSB #052275

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service upon a separate document which you shall attach hereto.

                         Bennett P. Dalton, OSB #052275

1 - SUMMONS



CERTIFIED TO BE A TRUE &
EXACT COPY OF ORIGINAL

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| NORMAN SINSEL<br><br>        Plaintiff,<br><br>    vs.<br><br>HARBOR FREIGHT TOOLS USA, INC.,<br>a FOREIGN CORPORATION<br><br>    Defendant | Case No.<br><br>COMPLAINT<br><br>Prayer for Relief: $950,000<br><br>(ORS 21.160(1)(c))<br><br>Personal Injury – strict products liability,<br>negligence<br><br>JURY TRIAL REQUESTED<br><br>CLAIMS NOT SUBJECT TO<br>MANDATORY ARBITRATION |

Plaintiff alleges:

## COMMON ALLEGATIONS

1.

Due to the amount prayed for herein these claims are not subject to mandatory arbitration.

COMPLAINT – Page 1

THE DALTON LAW FIRM
1212 SE Spokane St.
Portland, OR 97202
Ph. (503) 253-6029
Fax (503) 212-4439

**2.**

At all times material, Plaintiff NORMAN SINSEL was a resident of the State of Washington.

**3.**

At all times material, Defendant HARBOR FREIGHT TOOLS USA, INC (hereinafter "HARBOR FREIGHT TOOLS") was a foreign corporation, duly authorized to transact business in the state of Oregon and was transacting business for profit in the state of Oregon.

**4.**

At all times material, HARBOR FREIGHT TOOLS conducted, and continues to conduct, regular, sustained business operation in Multnomah County in the state of Oregon distributing and selling tools and other consumer goods. These operations include a store on the premises at 15800 SE McLoughlin Boulevard in Milwaukie, Oregon (hereinafter "The Milwaukie Store").

**5.**

At all times material, HARBOR FREIGHT TOOLS store was open to business invitees, including NORMAN SINSEL.

**6.**

At all times material, NORMAN SINSEL was a purchaser and consumer of a "Haul Master Hitch Extender with Step" (hereinafter "the hitch extender"), a metal trailer hitch extender designed, manufactured, distributed, and/or sold by Defendant.

\\

\\

COMPLAINT – Page 2

THE DALTON LAW FIRM
1212 SE Spokane St.
Portland, OR 97202
Ph. (503) 253-6029
Fax (503) 212-4439

7.

At all times material, Defendant HARBOR FREIGHT TOOLS designed and/or manufactured the hitch extender.

8.

At all times material, Defendant HARBOR FREIGHT TOOLS distributed and/or sold the hitch extender.

9.

On or around March 30, 2022, NORMAN SINSEL purchased the hitch extender from the Milwaukie Store. On his way home from this purchase, while standing at the bus stop located on SE McLoughlin Boulevard near the Milwaukie Store, he opened the hitch extender's cardboard packaging and reached inside, when his thumb was punctured by a sliver of sharp metal partially attached to body of the hitch extender. The shock of the puncture caused him to rear back, stumble on the lowered section of sidewalk, and fall to the ground, impacting the right side of his body.

10.

The hitch extender was purchased by NORMAN SINSEL as a consumer good, in that it was a new good purchased for use primarily for personal, family, or household purposes.

11.

No substantial change to the hitch extender occurred between its manufacture and its sale to NORMAN SINSEL.

12.

No substantial change to the hitch extender occurred between its sale to NORMAN SINSEL and the above-described injury.

COMPLAINT – Page 3

THE DALTON LAW FIRM
1212 SE Spokane St.
Portland, OR 97202
Ph. (503) 253-6029
Fax (503) 212-4439

13.

The hitch extender had one or more unreasonably dangerous conditions that could cause physical harm.

14.

The hitch extender contained design or manufacturing defects that made its handling and operation more dangerous than the ordinary consumer of a hitch extender would expect.

15.

An ordinary consumer would expect that the hitch extender would not have stray sharp slivers of metal attached to it.

16.

NORMAN SINSEL was using the hitch extender in its intended manner.

17.

NORMAN SINSEL was using the hitch extender in a reasonably foreseeable manner.

18.

NORMAN SINSEL would not have been punctured, and would not have fallen, had the hitch extender been free of stray sharp slivers of metal as expected.

19.

As a foreseeable result of the dangerous and defective condition of the hitch extender, NORMAN SINSEL sustained following injuries and/or aggravations of pre-existing conditions, and non-economic damages:

a.    Puncture wound of his right thumb;

b.    Contusions to his right hand, right shoulder, right hip and low back.

COMPLAINT – Page 4

THE DALTON LAW FIRM
1212 SE Spokane St.
Portland, OR 97202
Ph. (503) 253-6029
Fax (503) 212-4439

  c. Injuries to the muscles, ligaments, tendons, and nerves in his right hand, right shoulder, right hip and low back;

  d. Pain, discomfort, suffering and distress; and

  e. Inconvenience and interference with usual and everyday activities, apart from gainful employment;

All to NORMAN SINSEL's non-economic damage in an amount to be determined by a jury, not to exceed $500,000.

**20.**

As a foreseeable result of dangerous and defective condition of the hitch extender, NORMAN SINSEL has incurred the following economic damages:

  a. Reasonable and necessary medical and therapeutic expenses to-date in an amount to be determined at trial, not to exceed $5,000;

  b. Reasonable and necessary future medical and therapeutic expenses to-date in an amount to be determined at trial, not to exceed $45,000; and

  c. Impaired earning capacity in an amount to be determined at trial, not to exceed $400,000;

All to NORMAN SINSEL's economic damage in amount to be proven at trial, not to exceed $450,000.

**FIRST CLAIM FOR RELIEF**

**Strict Products Liability**

**21.**

Plaintiff realleges paragraphs 1-20.

COMPLAINT – Page 5

THE DALTON LAW FIRM
1212 SE Spokane St.
Portland, OR 97202
Ph. (503) 253-6029
Fax (503) 212-4439

**22.**

The hitch extender was defective and unreasonably dangerous to users or consumers, including NORMAN SINSEL, in one or more of the following particulars:

    a.    The hitch extender was defectively designed, in that its design allowed for stray sharp metal slivers to protrude from it that would prevent its safe handling;

    b.    The hitch extender was defectively manufactured, in that any stray sharp metal slivers should not have been manufactured or should have been removed as part of manufacture, prior to distribution and/or sale; and

    c.    HARBOR FREIGHT TOOLS did not provide proper and adequate instructions or warnings for safe use relative to the manner in which the hitch extender was to be handled, unpackaged, or moved.

**23.**

As a result of the defective and unreasonably dangerous condition of the hitch extender, NORMAN SINSEL sustained the injuries and damages alleged herein.

## SECOND CLAIM FOR RELIEF

### Negligence

**24.**

Plaintiff realleges paragraphs 1-20.

\\

\\

\\

COMPLAINT – Page 6

THE DALTON LAW FIRM
1212 SE Spokane St.
Portland, OR 97202
Ph. (503) 253-6029
Fax (503) 212-4439

**25.**

HARBOR FREIGHT TOOLS was negligent in one or more of the more of the following particulars, each of which created an unreasonable and foreseeable risk of injury to users and/or customers, including NORMAN SINSEL:

a.    In causing stray sharp metal slivers to exist on the hitch extender when it knew or should have known that users and/or customers, including NORMAN SINSEL, would be handling the hitch extender;

b.    In failing to adequately inspect the hitch extender for stray sharp metal slivers from the hitch extender when it knew or should have known that users and/or customers, including NORMAN SINSEL, would be handling the hitch extender;

c.    In failing to remove stray sharp metal slivers from the hitch extender when it knew or should have known that users and/or customers, including NORMAN SINSEL, would be handling the hitch extender; and

d.    In failure to warn users and/or customers, including NORMAN SINSEL of the existence of or potential for remove stray sharp metal slivers from the hitch extender when it knew or should have known that users and/or customers, including NORMAN SINSEL, would be handling the hitch extender;

**26.**

At all times material, HARBOR FREIGHT TOOLS knew or should have known that the foregoing acts or omissions created an unreasonable risk of harm to users and/or customers, including NORMAN SINSEL.

\\

COMPLAINT – Page 7

THE DALTON LAW FIRM
1212 SE Spokane St.
Portland, OR 97202
Ph. (503) 253-6029
Fax (503) 212-4439

**27.**

As a result of the defective and unreasonably dangerous condition of the hitch extender, NORMAN SINSEL sustained the injuries and damages alleged herein.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1) For economic damages in an amount to be proven at trial and not to exceed $450,000;

2) For non-economic damages in an amount to be proven at trial and not to exceed $500,000;

3) For post-judgment interest; and

4) For all costs and disbursements incurred by Plaintiff in this action.

PLAINTIFF HEREBY DEMANDS A JURY TRIAL.

Dated this 29th day of March, 2024.

THE DALTON LAW FIRM

By:   _s/Bennett Dalton_
Bennett P. Dalton, OSB #052275

1212 SE Spokane Street
Portland, OR  97202
(Ph)   503-253-6029
(Fax) 503-212-4439
(Email) bennett@daltonlawfirm.com
**Trial Attorney for Plaintiff**

COMPLAINT – Page 8

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

NORMAN SINSEL,

        Plaintiff,

    vs.

HARBOR FREIGHT TOOLS USA, INC., a foreign corporation,

        Defendant

Case No. 24CV14624

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

**TO:    Defendant, HARBOR FREIGHT TOOLS USA, INC., a foreign corporation**

Pursuant to ORCP 36, 43 and 44, Plaintiff requests that defendant HARBOR FREIGHT TOOLS USA, INC. (hereinafter "HARBOR FREIGHT") produce and make available for inspection and copying all of the documents described herein which are within the custody and control of defendant. Plaintiff requests that said production take place within forty-five (45) days of the date of service of this request on defendant, at the offices of THE DALTON LAW FIRM at 1212 SE Spokane Street, Portland, OR 97202.

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**
Page 1 -

THE DALTON LAW FIRM
1212 SE Spokane Street
Portland, OR 97202
Ph. (503) 253-6029 Fax (503) 212-4439
bennett@daltonlawfirm.com

## DEFINITIONS AND INSTRUCTIONS

1.    "Documents" shall include all writings, drawings, charts, drafts, notes, photographs, depictions, graphs, tapes, disks, e-mails, phonographic records, electronically stored data, and other data compilations from which information can be obtained.

2.    "Statements" shall include any statements, including but not limited to, audio, video, or written statements and including summaries or notes of those statements.

3.    "Communication" means any correspondence, contact, discussion or exchange between any two or more persons.    Without limiting the foregoing, "communication" includes all documents, telephone conversations, and any means of transmitting a message, face to face conversations, meetings, and conferences.

4.    The words "and" and "or" shall be individually interpreted in every instance as meaning "and/or" and shall not be interpreted to exclude any information within the scope of any request.

5.    The documents produced pursuant to this request are to be segregated and identified by the number of the request to which they are responsive.

6.    If you claim any documents sought herein are not required to be produced as a result of the application of any privilege or other protections against discovery including, but not limited to, attorney/client privilege or attorney's work product, you are requested to identify such documents stating the author, recipients, date, and subject matter with sufficient particularity that a determination can be made with respect to the applicability of any claim or privilege or other protection against discovery.

7.    Plaintiff's request extends beyond all documents and information within defendant's possession to include all documents and information within defendant's

**PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
TO DEFENDANT
Page 2 -**

THE DALTON LAW FIRM
1212 SE Spokane Street
Portland, OR 97202
Ph. (503) 253-6029 Fax (503) 212-4439
bennett@daltonlawfirm.com

possession and control and may, therefore, require defendants or defendants' attorneys to seek and obtain the specifically requested documents and information.

8.    Harbor Freight Tools Store located at 15800 McLoughlin Boulevard, in Milwaukie, OR, shall be hereinafter referred to as "Milwaukie Store".

9.    "Haul Master Hitch Extender with Step", shall be hereinafter referred to as "Hitch Extender'.

## DOCUMENTS TO BE PRODUCED

1.    Certified copies of all insurance agreements or policies, including but not limited to, any liability, premises, business, blanket, or umbrella policies with the accompanying declaration pages (not copies of computer printouts), under which a person transacting insurance may be liable to satisfy part or all of a judgment which may be entered in this action, or to indemnify or reimburse any payment made to satisfy a judgment.

2.    All documents reflecting the names, position, and last known contact information of all employees of Defendant who worked at the Milwaukie Store in March 2022.

3.    All documents, including photographs, identifying the source of the metal sliver at issue in this case.

4.    All documents relating to or concerning all policies, protocol, rules and guidelines Defendant had in place at any point in time from April 2021-April 2022 regarding inspection of products for sharp edges and/or metal slivers.

5.    All documents relating to or concerning actions taken by Defendant prior to and during March 2022 to protect consumers from injury from sharp edges and/or metal slivers on products.

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**
Page 3 -

THE DALTON LAW FIRM
1212 SE Spokane Street
Portland, OR 97202
Ph. (503) 253-6029 Fax (503) 212-4439
bennett@daltonlawfirm.com

6. All documents relating to or concerning all remedial measures taken by Defendant after March 2022 regarding sharp edges and/or metal slivers on products. Plaintiff acknowledges that OEC 407 generally makes such evidence inadmissible; however, pursuant to OEC 407, it may be admissible for limited purposes.

7. All documents relating to or concerning any and all other injuries suffered by consumers alleged to be caused by sharp edges and/or metal slivers on products sold by Defendant at any time from March 2012 to present.

8. Copies of any and all statements previously made by Plaintiff, or others on his behalf, concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff, or others on his behalf, and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by Plaintiff, or others on his behalf, about this lawsuit and contemporaneously recorded, including any transcripts made of the same.

9. Copies of any and all surveillance movies, videotapes, photographs, electronic photograph files, or other visual media that depicts the manufacture, transportation, handling or sale of the product that is the subject of this lawsuit. The copies are to be in color, if possible.

10. Copies of any and all documents produced pursuant to a medical release signed by Plaintiff, other than those documents produced by this office.

11. All documents showing the names, addresses, and telephone numbers of all witnesses to the incident, witnesses to the events and conversations in the aftermath of the

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**
Page 4 -

THE DALTON LAW FIRM
1212 SE Spokane Street
Portland, OR 97202
Ph. (503) 253-6029 Fax (503) 212-4439
bennett@daltonlawfirm.com

incident, and/or persons with knowledge of any discoverable material regarding Plaintiff's claim for damages. This includes but is not limited to any and all of Defendant's employees.

12. Any and all documents relating to the incident, including but not limited to incident reports, witness reports, witness statements, employee statements, internal communications, notes, letters, memoranda, still photographs, e-mails, and texts.

13. All documents (including any advertising) available to the public in March 2022 that either directly or indirect, through words or depictions indicate, represent, or convey the impression that the products sold by Defendant were safe to handle.

14. Any and all training manuals, rule books, pamphlets, handbooks, safety manuals, standard operating procedures, instruction manuals, instruction videos, or other documents that state and/or relate to Defendant's or Defendant's employees' responsibilities, rules, policies and/or procedures governing sharp edges and/or metal slivers on products.

15. Any and all documents in any way related to any and all complaints, other incidents, and/or notice received by Defendant involving sharp edges and/or metal slivers on products.

16. Any documents relating to injuries and/or claims of injury made against Defendant, or any of its agents or insurers, by any person at any time concerning, or otherwise involving, sharp edges and/or metal slivers on products.

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**
Page 5 -

THE DALTON LAW FIRM
1212 SE Spokane Street
Portland, OR 97202
Ph. (503) 253-6029 Fax (503) 212-4439
bennett@daltonlawfirm.com

17. Copies of any and all documents relating to any settlement and/or civil lawsuit Defendant has been involved in at any time, including, but not limited to, copies of any pleadings filed in those lawsuits, copies of any deposition transcripts relative to those lawsuits, and any documents that indicate the case name, case number, and/or venue. This request concerns only settlements and/or lawsuits involving claims of injuries from sharp edges and/or metal slivers on products.

18. A document sufficient to identify the person or persons in charge of maintaining records related to complaints about sharp edges and/or metal slivers on Defendant's products.

19. A document sufficient to identify the person or persons in charge of supervising the training of employees and to identify the person or persons in charge of supervising those employees who manufacture and/or inspect Defendant's products for sharp edges and/or metal slivers.

20. All documents that reflect any sales transaction between Norman Sinsel and Defendant in March, 2022 including, but not limited to receipts and credit card information.

21. Any and all documents containing warnings of danger to which the purchaser of the hitch extender may be exposed.

22. Any and all packaging, brochures and literature printed, distributed or circulated by Defendant containing photographs, diagrams, descriptions, safety precautions, warnings,

**PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
TO DEFENDANT**
Page 6 -

THE DALTON LAW FIRM
1212 SE Spokane Street
Portland, OR 97202
Ph. (503) 253-6029 Fax (503) 212-4439
bennett@daltonlawfirm.com

instructions, and/or direction for the making of, sale, or use of the hitch extender in March of 2022.

23. Any and all documents containing warnings of danger to which the purchaser of the hitch extender may be exposed.

24. A copy of all written instructions and sales literature that would have accompanied the hitch extender at any point in the stream of commerce.

25. Any and all documents or writings prepared for accompaniment with the hitch extender, or any of its components, at any point in the stream of commerce, containing any warning of any dangers to which ultimate users of the product at issue may be exposed or any and all documents or writings prepared for accompaniment with the hitch extender or any of its components, at any point in the stream of commerce, containing any instructions for use, including a copy of all warning labels, placards, or other material that accompanied the hitch extender, or any of its components.

26. Any applicable safety standards or codes governing the use of hitch extender, or any of its components.

27. All documents reflecting ownership or sale of the hitch extender, or any of its components, at any point in the stream of commerce.

28. All documents reflecting the names, addresses, phone numbers, types of entities and agents for service of process of any person or entity not named in this lawsuit that you contend may bear some responsibility for the incident.

**PLAINTIFF'S FIRST REQUEST FOR**
**PRODUCTION OF DOCUMENTS**
**TO DEFENDANT**
Page 7 -

THE DALTON LAW FIRM
1212 SE Spokane Street
Portland, OR 97202
Ph. (503) 253-6029 Fax (503) 212-4439
bennett@daltonlawfirm.com

29. Any documents, photographs, or other physical evidence that will be used or offered at trial.

30. Copies of any document or statement that any witness of Defendant will use or you anticipate may use to refresh his or her memory either for deposition or trial.

31. Any statements related to the incident that the Defendant's employees have given to any person or entity other than to Defendant's attorney.

32. Copies of any and all documents subpoenaed in this case, including documents that were produced pursuant to the subpoena, but not specifically subpoenaed.

33. Any documents, reports, or other written records pertaining to any investigation of, or related to, the incident that is not privileged.

34. Any and all settlement agreements wherein you have arrived at a settlement or agreement between you and any other person or entity, regardless of whether a party to this lawsuit, regarding or pertaining to the incident at issue or any damages resulting there from.

35. All documents relating to or concerning health and safety inspections, violations, citations, infractions, or warnings received by Defendant from any government agency.

36. Documents identifying the source of the hitch extender in March 2022.

37. Documents, including photographs, identifying, or otherwise depicting, the packaging of Defendant's hitch extender as received by the Milwaukie Store as of March 2022, including any object used to secure the packaging. The photographs are to be in color if possible.

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**
Page 8 -

THE DALTON LAW FIRM
1212 SE Spokane Street
Portland, OR 97202
Ph. (503) 253-6029 Fax (503) 212-4439
bennett@daltonlawfirm.com

THIS REQUEST FOR PRODUCTION IS A CONTINUING REQUEST PURSUANT TO ORCP 43(B) AND INCLUDES ALL DOCUMENTS COVERED BY ANY OF THE ABOVE REQUESTS THAT COME INTO THE POSSESSION, CUSTODY OR CONTROL OF DEFENDANTS DURING THIS CASE. IF YOU ASSERT THAT YOU ARE NOT BOUND BY SUCH A CONTINUING REQUEST, YOU MUST CONTACT THE UNDERSIGNED COUNSEL IMMEDIATELY.

Dated this 4th day of July, 2024.

THE DALTON LAW FIRM

By: _____
Bennett P. Dalton, OSB #052275
Of Attorneys for Plaintiff
1212 SE Spokane Street
Portland, OR 97202
Telephone: 503-253-6029
Facsimile: 503-212-4439
bennett@daltonlawfirm.com

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**
Page 9 -

APR 10 2024